The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Wiley Ross HAMILTON, Defendant-Appellant.

No. 82SA457.

Supreme Court of Colorado, En Banc.

April 25, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Enforcement Section, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

NEIGHBORS, Justice.

The defendant appeals the decision of the trial court denying his request for presentence good-time credits. We reverse and remand with directions.

## I.

On July 23, 1981, the defendant was arrested and taken into custody for an offense that occurred on that date. Pursuant to his plea of guilty, the defendant was convicted of second-degree assault on September 30, 1981.[1] On October 5, 1981, bond was posted and the defendant was released from custody. On October 16, 1981, the trial court sentenced the defendant to the Department of Corrections for a term of three years and four months. Defense counsel filed a motion for post-conviction review, requesting, *inter alia,* good-time credits for presentence confinement. The district attorney and defense counsel stipulated that the defendant was unable to post bond from July 23, 1981, until October 5, 1981, because of indigency and that he had exhibited good conduct while incarcerated in the Otero County Jail.

## II.

On appeal the defendant argues that he is entitled to presentence good-time credits pursuant to section 17–22.5–101, C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8),[2] and that the denial of such credits violates his constitutional right to equal protection of the law. Our recent decision in *People v. Cha-*

1. Section 18–3–203, C.R.S.1973 (1982 Supp. & 1978 Repl.Vol. 8).

2. Section 17–22.5–101 provides as follows:
   "**Good time.** Each person sentenced for a crime committed on or after July 1, 1981, whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him shall be entitled to a good time deduction of fifteen days a month from his sentence. The good time authorized by this section shall vest semiannually and may not be withdrawn once it has vested. No more than ninety days of good time may be withheld by the department in any one six-month period. No person subject to the good time credits of article 20 of this title shall be eligible for any good time deduction authorized by this article."

*vez,* 659 P.2d 1381 (Colo.1983), is dispositive of the issues in this case. There we held that a defendant sentenced for a crime committed on or after July 1, 1979, "has a statutory right to have the period of confinement prior to imposition of sentence credited against his sentence." Slip op. at 6. We further held that a defendant is entitled to good-time credits under section 17–22.5–101 if he or she substantially obeyed the rules and regulations of the facility in which he or she was confined.

In this case the trial court accepted the stipulation stating that the defendant "substantially observed all of the rules and regulations of [the Otero County Jail] and faithfully performed the duties assigned to him." Therefore, the defendant is entitled to good-time credits for his presentence confinement.

### III.

The ruling of the trial court is reversed. This case is remanded to the trial court for further proceedings consistent with those outlined in *People v. Chavez, supra.*