**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Randal Ray ROEDEL,
Defendant-Appellant.**

**No. 84CA0124.**

Colorado Court of Appeals,
Div. III.

May 2, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following his plea of guilty to second degree assault, the defendant, Randal Roedel, was sentenced to six years in prison plus one year of parole. At the time of sentencing, the trial court held an evidentiary hearing on the question of pre-sentence good-time credit, the court refused to award such credit. The defendant appeals and we reverse.

At the sentencing hearing, the jail administrator alleged that the defendant had made an unauthorized telephone call, and had spilled coffee through a food slot. After the hearing, the court made written findings and concluded that the defendant should not receive good-time credit because of the coffee incident. The court found that the spilling of the coffee was an accident, but that,

> "while the evidence establishes that the defendant did not intentionally spill or throw the coffee his subsequent conduct in regard to the coffee incident convinces this court that after the accident occurred he was content that it had happened and by his actions adopted it as an intentional act."

Based on this one incident, the trial court determined that the defendant's action was conduct sufficient to deny him good-time credit.

A defendant is entitled to good-time credit on his sentence for time spent in a county jail prior to sentencing. *People v. Chavez,* 659 P.2d 1381 (Colo.1983). If a defendant has "substantially observed all the rules and regulations" of the jail, he is entitled to good-time credit. Section 17-22.5-301, C.R.S. (1984 Cum.Supp.); *People v. Hamilton,* 662 P.2d 177 (Colo.1983).

The trial court found that, although the defendant was angry and upset, and subsequently had an argument over the incident with the jail administrator, the defendant had not intentionally spilled the coffee. No evidence was presented which would support the trial court's conclusion that the defendant subsequently "adopted" the spill as intentional behavior, and thereby violated the rules and regulations of the jail. Moreover, the defendant had been punished for the incident by having his commissary privileges taken away for a week.

On this record, we conclude that there was no showing that the defendant had not substantially observed all of the rules and regulations of the institution, or was otherwise guilty of misconduct that would justify forfeiture of his good-time credit under § 17–20–108, C.R.S. (1978 Repl.Vol. 8). Consequently, we hold it was an abuse of discretion to refuse to award him good-time credit.

The order denying good-time credit is reversed, and the cause is remanded for determination of the appropriate good time for pre-sentence confinement.

TURSI and METZGER, JJ., concur.