**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Timothy McCALL, Defendant-Appellant.**

**No. 82SA523.**

Supreme Court of Colorado,
En Banc.

April 25, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Enforcement Section, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

NEIGHBORS, Justice.

The defendant appeals the judgment of the trial court denying him good-time credits for the period of his presentence confinement. We reverse and remand with directions.

### I.

On or about July 3, 1980, the defendant was arrested and charged with first-degree murder committed on that date.[1] Bail was set at $150,000. On October 3, 1980, the trial court granted the defendant's motion to reduce bail. The defendant was released on October 8, 1980, upon posting a surety

1. Section 18–3–102(1)(a), C.R.S.1973 (1978   Repl.Vol. 8).

bond in the amount of $70,000. A jury found the defendant guilty of manslaughter on April 18, 1981. The defendant was sentenced to the Department of Corrections for a term of three years on July 16, 1981. The trial court gave the defendant credit for ninety days of presentence confinement. On May 11, 1982, the defendant filed a motion for post-conviction relief pursuant to Crim.P. 35(a) and (c), requesting good-time credits for the period of his presentence confinement. The trial court denied the motion on May 28, 1982.

## II.

The defendant argues that the trial court's denial of good-time credits for presentence confinement violates his right to equal protection of the law. He also claims that the trial court did not comply with the provisions of Crim.P. 35(c)(3) when it denied his motion for post-conviction relief without making the required findings of fact and conclusions of law.

### A.

■ In addition to his constitutional claim, the defendant contends that he is entitled to good-time credits for presentence confinement under section 17–22.5–101, C.R.S.1973 (1980 Supp. to 1978 Repl. Vol. 8).[2] Our recent decision in *People v. Chavez*, 659 P.2d 1381 (Colo.1983), is dispositive of the issues in this case. In *People v. Chavez, supra,* we held that under the statute a defendant is entitled to have the amount of presentence confinement credited against the term of his sentence for crimes committed on or after July 1, 1979. We further held that section 17–22.5–101

entitles the defendant to good-time credits for presentence confinement if he has substantially obeyed the rules and regulations of the facility in which he was confined. Therefore, the case must be remanded to the trial court.

### B.

■ The defendant next argues that the trial court's summary denial of his motion for post-conviction relief did not comply with the requirements of Crim.P. 35(c)(3). The People confess error on this issue. We agree. Crim.P. 35(c)(3) provides that "[i]n all cases [involving a motion for post-conviction review], the court shall determine the issues and make findings of fact and conclusions of law with respect thereto." The record indicates that no hearing was held on the defendant's motion and no findings of fact or conclusions of law were entered.[3] Therefore, on remand the trial court is instructed to enter appropriate findings of fact and conclusions of law with respect to the defendant's motion for post-conviction relief.

### III.

The ruling of the trial court is reversed. This case is remanded for further proceedings consistent with those outlined in *People v. Chavez, supra.*

---

2. Section 17–22.5–101, C.R.S.1973 (1980 Supp. to 1978 Repl.Vol. 8), provided:

"**Good time.** Each person sentenced for a crime committed on or after July 1, 1979, whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him shall be entitled to a good time deduction of fifteen days a month from his sentence. The good time authorized by this section shall vest quarterly and may not be withdrawn once it has vest-

ed. No more than forty-five days of good time may be withheld by the department in any one quarter. No person subject to the good time credits of article 20 of this title shall be eligible for any good time deduction authorized by this article."

3. The trial court may dispense with a hearing on motions filed under Crim.P. 35 only if "the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief." Crim.P. 35(c)(3).