The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Leonard W. LEPINE, Jr., Defendant-Appellant.

Nos. 86CA0560, 86CA0561.

Colorado Court of Appeals, Div. I.

Aug. 27, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Jess M. Perez, Deputy Public Defender, Fort Collins, for defendant-appellant.

METZGER, Judge.

In this appeal from the trial court's denial of his Crim.P. 35(a) motions, defendant, Leonard W. Lepine, Jr., asserts that the trial court erred in 1) denying him presentence confinement credit; 2) denying him post-sentence pre-confinement credit for incarceration in another state pending extradition to Colorado for violation of the terms of his appeal bond; and 3) refusing to grant him an evidentiary hearing on his Crim.P. 35(a) motions. We affirm.

On June 21, 1982, defendant was arrested on charges of fraudulent use of a credit card, two counts of second degree forgery, and one count of theft by receiving. On June 22, 1982, he was sentenced to a term of three years in the Department of Corrections for an unrelated matter. Then, in

December 1982, he was charged with fraud by check in a separate action.

On January 5, 1983, the two pending cases were consolidated; the trial court dismissed the theft by receiving count and accepted defendant's guilty pleas to the remaining counts as part of a plea bargain. That same day the trial court reduced to one year the three-year sentence that had been previously imposed on defendant for the unrelated conviction.

On April 12, 1983, the trial court sentenced defendant to a six-year term for each offense and ordered these sentences to be served concurrently with each other but consecutively to any other sentence previously imposed.

In May 1983, the defendant filed Crim.P. 35(a) motions in each case, claiming that he was entitled to additional presentence credit from June 21, 1982, until January 5, 1983. The trial court denied the motions on the basis that defendant had been lawfully incarcerated during this period because of his conviction for the unrelated offense. The defendant appealed, and this court affirmed the trial court's decision in *People v. Lepine* (Colo.App. No. 83CA796, December 20, 1984) (not selected for official publication).

During the pendency of the appeal, defendant was released on bond. However, on December 14, 1984, when defendant failed to appear, his bond was revoked, and a bench warrant was issued for his arrest. Pursuant to the bench warrant, defendant was arrested and jailed in Tacoma, Washington, on or about May 5, 1985, and was returned to Colorado on or about June 23, 1985.

On September 19, 1985, defendant filed a second Crim.P. 35(a) motion for correction of illegal sentence in each case. Defendant claimed that, because the Department of Correction's records reflected his parole date as November 5, 1982, for his modified sentence on the unrelated offense, he was entitled to additional presentence confinement credit for the period from November 5, 1982, to January 5, 1983. He further alleged that he was entitled to credit for the period from May 5, 1985, to June 23,

1985, the period of time he was incarcerated in Tacoma, Washington. The trial court found that defendant had been granted the entire amount of presentence confinement credit due him, and denied his motion without conducting a hearing.

I.

Defendant first contends that the trial court erred in denying him presentence confinement credit from November 5, 1982, to January 5, 1983. We disagree.

Section 16–11–306, C.R.S. (1986 Repl.Vol. 8A), in effect at the time of these proceedings, provided in pertinent part that: "At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus." In *Schubert v. People*, 698 P.2d 788 (Colo.1985) our supreme court held that, in determining whether a particular period of presentence confinement qualifies for credit, the presentence confinement must be actually caused by the charge or conduct for which the defendant is to be sentenced. It defined causation in this context to mean "that there must be substantial nexus between such charge or conduct and the period of confinement for which credit is sought." *See also Torand v. People*, 698 P.2d 797 (Colo.1985).

"Substantial nexus" was further explained in *Massey v. People*, 736 P.2d 19 (Colo.1987) to mean that the defendant would have remained confined in the same judicial district on the charge for which credit is sought in the absence of any other charge. Thus, the charge for which credit is sought must have prevented defendant's release from jail.

Defendant was sentenced to three years' incarceration for the unrelated offense on June 22, 1982. On January 5, 1983, defendant entered guilty pleas in the cases at issue here and, on that same date, received a sentence reduction for the unrelated offense. The Department of Corrections' recomputation, necessitated by this reduction, reflected that defendant had a parole date of November 5, 1982, for the un-

related charge. Defendant's claim is predicated upon this chain of events. He contends, in essence, that, because he could have been paroled on November 5, 1982, for the unrelated offense, he must receive presentence confinement credit for the cases here from November 5, 1982, to January 5, 1983. In our view, this argument has a specious premise.

■ During the period from November 5, 1982, to January 5, 1983, defendant was serving his sentence for the unrelated offense. It was only on January 5, 1983, when the sentence for the unrelated charge was reduced, that the parole date for that offense was moved back to November 5, 1982. Consequently, until January 5, 1983, defendant was not eligible for release on that unrelated offense and, therefore, is not entitled to presentence confinement credit for the offenses at issue here.

This analysis is in accordance with the rationales of *Schubert v. People, supra,* and *Massey v. People, supra.* It also comports with the philosophy underlying presentence confinement credit, which is to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post bail, are confined longer than their wealthier counterparts. *See* 3 ABA *Standards for Criminal Justice,* § 18–4.7 (1986) (commentary at 18.310 to 311).

■ In essence, our ruling here allows the presentence confinement computation to be focused on the circumstances existing at the time of confinement for which credit is sought rather than being constantly subject to change as a result of later events. Accordingly, one computing presentence confinement credit may ascertain the relevant period of incarceration by answering the question: But for the pendency of the offense(s) for which credit is claimed, would the defendant have been eligible for release during the time(s) claimed?

We conclude that defendant has failed to show the requisite substantial nexus between the offenses here and the time between November 5, 1982, and January 5, 1983, so as to allow presentence confine-

ment credit. During that period, the sentence for the unrelated offense prevented his release. The fact that it was later reduced so as to modify defendant's parole date retroactively does not warrant a concomitant retroactive application of presentence confinement credit. Consequently, the trial court's denial of defendant's Crim.P. 35(a) motions as to this issue was correct.

## II.

■ Defendant next contends that the trial court erred in denying him credit from May 5 to June 23, 1985, the time he spent incarcerated in Tacoma, Washington, pending extradition to Colorado for violation of his appeal bond. This argument is premature. If the defendant wishes to contend that the Department of Corrections has erroneously deprived him of credits, other than presentence confinement, to which he is legally entitled, he may file a Crim.P. 35(c) motion at a time when he claims "a right to be released." Crim.P. 35(c)(3); *see People v. Shackelford,* 729 P.2d 1016 (Colo. App.1986).

## III.

Finally, we reject defendant's claim that he was denied procedural due process because the trial court denied his Crim.P. 35(a) motion without a hearing.

■ Because defendant's motion raises only issues of law, and because defendant's motions and the files and record of the case show that he is not entitled to relief, the trial court properly dispensed with a hearing. *See People v. McCall,* 662 P.2d 178 (Colo.1983) (fn. 3). As well, defendant made no request for a hearing.

The order is affirmed.

PIERCE and KELLY, JJ., concur.