The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Clyde Ernest LEEDOM,
Defendant–Appellee.

No. 89CA0075.

Colorado Court of Appeals,
Div. IV.

Sept. 7, 1989.

Stephen K. ErkenBrack, Dist. Atty., Stephen L. Laiche, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge FISCHBACH.

The People appeal a trial court order granting defendant's Crim.P. 35(c) motion, thereby releasing him from incarceration. We vacate the order.

At issue here is the construction of four statutes, all of which address parole and release eligibility dates for prisoners. Section 16-11-310, C.R.S. (1986 Repl.Vol. 8A) provides that "an incarcerated person shall be unconditionally released and discharged ... upon the expiration of his sentence, less the deductions authorized" for good time and earned time (repealed as to crimes committed on or after July 1, 1988). Sections 17-22.5-301(2) and 17-22.5-302(3), C.R.S. (1986 Repl.Vol. 8A) address the accumulation by prisoners of good time and earned time credits, and provide that good time and earned time "shall vest upon being granted and may not be withdrawn." Section 17-22.5-303(2), C.R.S. (1986 Repl. Vol. 8A) authorizes the parole board to order the reincarceration of parolees for parole violations.

The defendant was convicted of a Class 4 felony committed in the period between July 1, 1981, and July 1, 1984, and was sentenced to six and one-half years of incarceration and one year of parole. He argued in the trial court that once his good time and earned time had vested, and he had served his original sentence less those good time and earned time credits, the provisions of § 16-11-310 required his "unconditional discharge," and he was therefore not subject to any period of reincarceration for violation of the conditions of his parole. We do not agree.

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. Constructions which defeat the obvious legislative intent should be avoided. And, rules of strict construction of criminal statutes should not be used to defeat the evident intention of the legislature. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ We hold, therefore, that the language in § 16–11–310 requiring an inmate to be unconditionally released and discharged "upon the expiration of his sentence, less the deductions authorized," refers to the expiration of *both* the period of incarceration imposed (minus good and earned time credits) *and* that period of parole imposed as part of the original sentence.

This interpretation is in accordance with the rules of statutory construction, and with the clear legislative intent that there be an effective system of parole in this state. Defendant's position, however, would effectively abolish parole by removing the ability of the parole board to impose sanctions for non-compliance with its conditions.

We find further support for this interpretation not only in § 17–2–207, C.R.S. (1986 Repl.Vol. 8A), which provides that offenders on parole are still under legal custody and subject to being returned to a correctional facility, but also in those cases in which it has been held that a prisoner on parole is still in constructive custody of the department of corrections. *People v. Lucero*, 772 P.2d 58 (Colo.1989); *People v. Salvador*, 189 Colo. 181, 539 P.2d 1273 (1975).

■ Defendant also argued in the trial court, however, that if his reincarceration is held to be permissible under the statutory scheme, he may only be reincarcerated for that portion of the one-year term of parole which he had not served at the time of his parole revocation. We agree.

■ The method for calculating the amount of time for which a parole violator can be returned to prison is set out in § 17–22.5–303(2). That statutory provision states that a parole violator may be returned to the institution in which he was originally received for a period of not more than two years, but that in no event may the reincarceration, and the subsequent term of parole and the sentence actually served exceed the sentence imposed. In other words, the parole violator can be reincarcerated for the lesser of these two periods: two years or the remainder of the sentence originally imposed.

In calculating the remainder of the sentence originally imposed, the parole board or the trial court must give effect to §§ 17–22.5–301(2) and 17–22.5–302(3), which provide that good time and earned time credits may not be withdrawn once vested. Thus, because defendant was released following his accumulation of vested good and earned time credits plus a sufficient number of days actually served, he has served the entire sentence originally imposed for purposes of computing reincarceration for parole violations, and he may be reincarcerated only for that period of parole which he had not yet served at the time his parole was revoked. The trial court was therefore correct in finding the parole board's imposition of a two-year term of reincarceration to be improper.

Because we cannot ascertain from the record the specific calculations of either the parole board or the trial court as to defendant's remaining parole time, the order of the trial court ordering defendant's immediate release from incarceration is vacated, and the cause is remanded with directions that the trial court determine that amount of time, if any, for which defendant must be reincarcerated, in accordance with the holding set forth herein.

TURSI and DUBOFSKY, JJ., concur.