**Richard ANDERSON,
Petitioner–Appellee,**

v.

**Walter KAUTZKY, Executive Director,
Colorado Department of Corrections,
Respondent–Appellant.**

**No. 88SA126.**

Supreme Court of Colorado,
En Banc.

Jan. 16, 1990.

As Modified on Denial of Rehearing
March 5, 1990.

David F. Vela, State Public Defender, and Michael Zwiebel, Deputy State Public Defender, Greeley, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Marleen Langfield, Asst. Atty. Gen., Denver, for respondent-appellant.

Justice KIRSHBAUM delivered the Opinion of the Court.

Appellant Walter Kautzky, the executive director of the Colorado Department of Corrections (the Department), appeals the judgment of the Morgan County District Court granting a petition for habeas corpus filed by appellee Richard Anderson (Anderson) requiring the Department to discharge him from custody. The Department contends that the trial court erred in discharging Anderson from custody and in rejecting the Department's administrative construction of the provisions of section 17–22.5–303(4), 8A C.R.S. (1986), regarding allocation of good time credits to persons reincarcerated as a consequence of having violated terms or conditions of parole. We affirm.

I

The essential facts are not disputed. On January 29, 1986, Anderson was sentenced to a term of two years of imprisonment plus parole[1] for the offense of attempted theft, in violation of section 18–2–101, 8 C.R.S. (1973), and awarded presentence credit of 128 days in Clear Creek County case No. 85CR21. On April 4, 1986, the Weld County District Court sentenced Anderson to a term of two years plus one year of parole in case No. 83CR696 for the offense of possession of marijuana, in violation of section 18–18–106(4)(a)(I), 8 C.R.S. (1973), and to a term of two years plus one year of parole in case No. 82CR699.[2] The latter two sentences were to be served concurrently, and both were to be served concurrently with the sentence previously imposed in the Clear Creek County case. The trial court awarded Anderson presentence credit of 197 days in case No. 83CR696 and presentence credit of 210 days in case No. 82CR699.

Pursuant to section 17–22.5–101, 8A C.R.S. (1986), the Department determined that for purposes of parole and release eligibility dates the three sentences were to be treated as one continuous sentence and the sentence in the Clear Creek County

---

1. Although the mittimus in case No. 85CR21 referred to a one-year period of parole, petitioner was subject to a period of parole of up to three years pursuant to the provisions of § 17–22.5–303(4), 8A C.R.S. (1986).

2. These two sentences were imposed as the result of probation revocation proceedings. The mittimus in case No. 82CR699 states that the defendant pled guilty to "Theft by Receiving ... C.R.S.1973 ... 18–2–101." Although § 18–2–101, 8 C.R.S. (1973), defines the inchoate offense of attempt, the limited record before us suggests that Anderson committed the offense of theft by receiving defined in § 18–4–410, 8 C.R.S. (1973).

case would serve as the governing sentence.[3] By September 9, 1986, Anderson had served 352 days of his sentence, including 224 days of actual time served and 128 days' credit for presentence confinement. He was paroled on that date. On November 17, 1986, Anderson's parole was revoked. He was remanded to the custody of the Department for reincarceration for a period of three years.[4]

On May 21, 1987, Anderson filed this habeas corpus action in the Weld County District Court,[5] asserting that he was entitled to immediate release. He argued that he had served 352 days of his original sentence prior to his parole, that he was entitled to credit against the remainder of his original sentence for 190 days of reincarceration plus good time credit of 190 days earned during his reincarceration, and that the combination of time served and credits earned during reincarceration exceeded the length of his original sentence. In response, the Department asserted that section 17–22.5–303(4), 8A C.R.S. (1986), authorized it to credit any good time earned by Anderson during his reincarceration against the three-year period of reincarceration ordered by the parole board rather than against the balance of his original sentence.

The trial court concluded that section 17–22.5–303(4) required the Department to credit good time earned by Anderson during his period of reincarceration against the balance of his original sentence and ordered Anderson's immediate release. The Department appealed, and the Court of Appeals referred the matter to this court for determination of jurisdiction pursuant to section 13–4–110(1)(a), 6A C.R.S. (1987). We subsequently accepted jurisdiction of the appeal.

## II

The parties agree that section 17–22.5–303(4), 8A C.R.S. (1986), governs the question of allocation of good time credits during periods of reincarceration. That statute states in pertinent part as follows:

(4) As to any person sentenced for a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1984, but before July 1, 1985, the division of adult services shall either release an offender on his parole eligibility date, pursuant to the determination made by the state board of parole, or shall provide up to three years of parole for any offender who is determined by the state board of parole to present a high risk to the general population upon release from incarceration.... Upon a determination that the conditions of parole have been violated in a parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, or revoke the parole and order the return of the offender to the institution in which he was originally received for a period of not more than five years. In no event shall any period of reincarceration, subsequent term of parole, and sentence actually served exceed the sentence imposed pursuant to section 18–1–105, C.R.S. The state board of parole may discharge an offender granted parole under this section at any time during the term of parole upon a determination that the offender has been sufficiently rehabilitated and reintegrated into society and can no longer benefit from parole supervision. The good time deduction authorized by section 17–22.5–301 shall apply to periods of reincarceration pro-

---

3. Anderson does not challenge these determinations.

4. Petitioner appealed the reincarceration order pursuant to § 17–2–201(9), 8A C.R.S. (1986), which appeal was denied on February 25, 1987, by the Colorado State Board of Parole.

5. Pursuant to a motion for change of venue filed by the Department, the venue of this proceeding was changed to the Morgan County District Court.

vided for in this section.[6]

§ 17–22.5–303(4), 8A C.R.S. (1986). This statute authorizes the parole board, upon revoking a person's parole status, to return that person to the custody of the Department for a period of time not to exceed five years. The statute expressly requires the Department to apply any good time credits against "periods of reincarceration." The statute also expressly provides that any period of reincarceration, when combined with the sentence actually served and any future parole period, cannot result in the detention of the offender for a period of time in excess of the original sentence. These provisions indicate the General Assembly's determination that the period of reincarceration to be served by an offender who violates parole cannot result in an extension of the offender's original sentence. *See People v. Leedom,* 781 P.2d 173, 175 (Colo.App.1989). For all practical purposes, the General Assembly has limited any period of reincarceration to a term not to exceed the period of time remaining to be served on the offender's initial sentence.

Adoption of the Department's position would in effect extend the period of Anderson's sentences beyond the two years imposed in the Clear Creek County case. Prior to his parole, Anderson had satisfied 352 days of that sentence leaving a balance of 378 days to be served. In view of the dates upon which the offenses underlying the Clear Creek County conviction occurred, Anderson was entitled to vested good time credits during his period of incarceration. Section 17–22.5–303(4) requires the Department to apply those credits in a manner that will not extend the balance of his original sentence.

The Department relies upon our decision in *Price v. Mills,* 728 P.2d 715 (Colo.1986), for the argument that its administrative interpretation of the statute should be given deference. In *Price v. Mills,* we adopted the Department's administrative interpretation of a statute dealing with the Department's method of calculating good time credit for presentence confinement. In so doing, we emphasized the broad discretion granted to the Department by the statutes authorizing allocation of good time credit.

However, statutory provisions are to be construed according to their plain and obvious meaning, *Charnes v. Lobato,* 743 P.2d 27, 30 (Colo.1987), and should not be subjected to strained or forced interpretation. *Kern v. Gebhardt,* 746 P.2d 1340 (Colo. 1987). In sharp contrast to the general statutory provisions subject to our scrutiny in *Price v. Mills,* the statutory language involved here is specific in delineating the authority of the Department and the parole board with regard to reincarceration of parole violators. In view of the plain language of section 17–22.5–303(4) and the legislative policy expressed therein, we conclude that a parole violator may not be reincarcerated for a period of time in excess of the balance of the time to be served on that person's original sentence and that for offenses governed by that statute the Department must credit vested good time earned by that person to that adjusted peri-

---

**6.** During oral argument to the trial court, Anderson's attorney indicated that the offense underlying the Clear Creek County case was committed between July 1, 1984, and July 1, 1985. Section 17–22.5–301(2), 8A C.R.S. (1986), states as follows:

> (2) Each person sentenced for a crime committed on or after July 1, 1981 but before July 1, 1985, shall be subject to all the provisions of this part 3; except that the good time authorized by this section shall vest semiannually and no more than ninety days of good time may be withheld by the department in any six-month period of sentence.

§ 17–22.5–301(2), 8A C.R.S. (1986). A defendant is entitled to good time credits when he substantially observes all the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him. *Bynum v. Kautzky,* 784 P.2d 735 (Colo.1989); *People v. Hamilton,* 662 P.2d 177 (Colo.1983). Assuming this statutory section does apply here, the good time credits Anderson earns during reincarceration will vest. *Renneke v. Kautzky,* 782 P.2d 343 (Colo.1989).

od of reincarceration.[7]

Applying these determinations to the circumstances presented here, it is clear that Anderson could not have been reincarcerated for a period of time in excess of 378 days—the balance of his original sentence. Any good time credit earned by Anderson should have been credited against that period of reincarceration. Under this view of the statute, Anderson was eligible for release from the custody of the Department at the time he filed his habeas corpus petition.

### III

For the foregoing reasons, the judgment of the trial court is affirmed.

---

7. In other circumstances, of course, the maximum reincarceration period of five years might be imposed on an offender who violates terms or conditions of parole.