968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis Reed GRENEMYER, Petitioner-Appellant,
v.
Frank GUNTER; Gale A. Norton, Attorney General of the State
of Colorado, Respondents-Appellees.
 No. 91-1298.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Dennis Reed Grenemyer, who is currently on parole from a state conviction, appeals from an order denying his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Petitioner claims that the state's retroactive application of judicial decisions interpreting state statutes relating to the application of good-time credits to his sentence violated his right to due process. According to Petitioner, if the statutes are applied as they were interpreted at the time he committed his offense, he is entitled to immediate release from custody.[1] The district court reached the merits of Petitioner's claims and, accepting the magistrate judge's recommendation, dismissed the claims with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 In February and March 1984, Petitioner sexually assaulted a child. Two years later, in March 1986, Petitioner was convicted of two counts of sexual assault on a child, a class 4 felony under Colorado law. Colo.Rev.Stat. § 18-3-405(1). He was sentenced to four years' imprisonment on each count, to run concurrently, plus one year of parole. See id. § 18-1-505(1)(a)(I). Petitioner began serving his sentence on December 22, 1988. Petitioner became eligible for parole in July 1990. Because Petitioner's crimes were sexual offenses, the Parole Board treated Petitioner's parole as discretionary rather than mandatory, see Thiret v. Kautzky, 792 P.2d 801 (Colo.1990), and denied his application.[2] After exhausting his state remedies, Petitioner brought the instant petition for a writ of habeas corpus. Subsequently, Petitioner was released on discretionary parole in August 1991, a condition in which he presently remains.
 
 
 3
 Petitioner contends that his accumulated good-time credits should be credited against his imposed sentence, thereby entitling him to immediate discharge from custody.[3] In a series of cases beginning with Bynum v. Kautzky, 784 P.2d 735 (Colo.1989), the Colorado Supreme Court interpreted the applicable statutes to provide that good-time and earned-time credits determine a prisoner's mandatory date of release on parole, not his ultimate discharge from custody. Id. at 739. See also Jones v. Martinez, 799 P.2d 385, 387-88 (Colo.1990); Williamson v. Jordan, 797 P.2d 744, 747-48 (Colo.1990); Wiedemer v. People, 784 P.2d 739, 740 (Colo.1989). Petitioner contends that application of these decisions to him violates the Due Process Clause of the United States Constitution.
 
 
 4
 The Ex Post Facto Clause, U.S. Const. art. I, §§ 9, 10, prohibits the legislature from making more burdensome the punishment for a crime after its commission. Collins v. Youngblood, 110 S.Ct. 2715, 2721 (1990). It applies only to actions of the legislature. McDonald v. Champion, No. 90-5099, slip op. at 4, 1992 WL 85125, at * 2 (10th Cir. Apr. 28, 1992). However, if a legislature is barred by the Ex Post Facto Clause from passing a law, a state supreme court is barred by the Due Process Clause, U.S. Const. amend. XIV, from achieving the same result by judicial construction. Id. at 5; Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 342 (10th Cir.1989). No longer allowing good-time credits to reduce a sentence would arguably make the punishment for a crime more burdensome. See Devine, 866 F.2d at 344-45 (retroactive enhancement of punishment by courts violates Due Process Clause). We therefore must examine Bynum and its progeny to determine whether retroactively applying them to Petitioner violates due process. While we are bound by the Colorado Supreme Court's construction of state statutes, our review of whether application of that construction offends the federal constitution is plenary. Helton v. Fauver, 930 F.2d 1040, 1044 (3d Cir.1991).
 
 
 5
 "The test for determining whether the retroactive application of a judicial decision violates due process is essentially one of foreseeability." United States v. Morehead, Nos. 91-7003, 91-7009, 91-7010, slip op. at 45-46, 1992 WL 38458, at * 17 (10th Cir. Mar. 4, 1992). A judicial construction of a statute is unforeseeable if it is " 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.' " Bouie v. City of Columbia, 378 U.S. 347, 354 (1964) (quoting Jerome Hall, General Principles of Criminal Law at 61 (2d ed. 1960)). Unforeseeable judicial decisions include expansion of a statute narrow and precise on its face beyond those terms, McDonald, No. 90-5099, slip op. at 6; the overruling of precedent; or when "an in-depth inquiry by a dedicated and educated student of [the state] law would have revealed nothing to foreshadow the [state] Supreme Court opinion," Devine, 866 F.2d at 345.
 
 
 6
 Our starting point is the language of the relevant statute which affords good-time credit to an inmate "whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him...." Colo.Rev.Stat. § 17-22.5-301(1). Such inmate "shall be entitled to a good-time deduction of fifteen days a month from his sentence." Id.[4] This statute does not indicate whether the good-time credit is deducted from the sentence of imprisonment or the total sentence to include the period of parole.
 
 
 7
 In Bynum, the Colorado Supreme Court held that a parolee who violates parole could be reincarcerated notwithstanding that his time actually served together with his vested good-time and earned-timed credits equalled his original sentence. 784 P.2d at 735. The court expressly rejected an argument that accumulated good-time credits are credited against the total sentence (including the period of parole) as opposed to being credited against the period of actual incarceration. Id. at 739. Accord Jones, 799 P.2d at 387-88; Williamson, 797 P.2d at 747-48; Wiedemer, 784 P.2d at 740.
 
 
 8
 Petitioner argues that, until Bynum was decided in 1989, Colorado courts had consistently interpreted the good-time credit statutes to provide that such credits are deducted from the sentence imposed. We cannot agree with Petitioner's interpretation of Colorado case law prior to Bynum.
 
 
 9
 First, Petitioner cites a number of cases interpreting pre-1979 law governing good-time credits. See, e.g., People v. Emig, 676 P.2d 1156 (Colo.1984); People v. Turman, 659 P.2d 1368 (Colo.1983); Alexander v. Wilson, 540 P.2d 331 (Colo.1975); Lange v. Schauer, 520 P.2d 753 (Colo.1974); Ex parte Wier, 78 P.2d 1094 (Colo.1938); Ex parte Blocker, 193 P. 546 (Colo.1920); In re Packer, 33 P. 578 (Colo.1893); People v. Incerto, 557 P.2d 1217 (Colo.Ct.App.1976). Petitioner appears to claim that these cases should apply to the law in effect at the time he committed his offense. Petitioner recognizes that the law was amended in 1979 and again in 1981, but contends that the legislature did not indicate that it intended to change the application of good-time credits as it existed for over one hundred years. However, the 1979 and 1981 amendments substantially revised the law on good-time credits and parole. Therefore, we will not presume that the legislature intended interpretations of prior law to apply to the amendments. Cf. Rauschenberger v. Radetsky, 745 P.2d 640, 643 (Colo.1987) (when statute amended, judicial construction placed on prior version of statute deemed approved by General Assembly to extent provision remains unchanged).
 
 
 10
 Other cases cited by Petitioner simply do not stand for the proposition that good-time credits are credited against the sentence as opposed to the period of incarceration. While People v. McCall, 662 P.2d 178 (Colo.1983), states that People v. Chavez, 659 P.2d 1381 (Colo.1983), held that "a defendant is entitled to have the amount of presentence confinement credited against the term of his sentence for crimes committed on or after July 1, 1979," McCall, 662 P.2d at 179, neither McCall nor Chavez purported to address whether good-time credits are credited against the total sentence or against the period of incarceration. Rather, the issue in both cases was whether good-time credits were available during the period of presentence confinement. Id. at 179; Chavez, 659 P.2d at 1383. See also People v. Roedel, 701 P.2d 891 (Colo.Ct.App.1985). Similarly, the issue in People v. Alderman, 720 P.2d 1000 (Colo.Ct.App.1986), was whether the defendant was entitled to earned-time credit for the period in which he was confined in county jail due to prison overcrowding. Id. at 1001. Alderman therefore is inapposite. In People v. Lepine, 744 P.2d 81, 83 (Colo.Ct.App.1987), the issue was whether the defendant was entitled to presentence confinement credit where he was serving a sentence on a prior unrelated offense, id. at 82; the court did not even purport to address the issue of good-time credit. Thus, we do not read these cases as authority for Petitioner's interpretation of Colorado law.[5]
 
 
 11
 Three cases cited by Petitioner actually contradict his argument. In Price v. Mills, 728 P.2d 715 (Colo.1986), the Colorado Supreme Court, in addressing the method of calculating good-time credits, expressly recognized that good-time credits "reduce the actual amount of time convicted felons remain incarcerated as the result of judicially imposed sentences." Id. at 716 (emphasis added). Similarly, in People v. Leedom, 781 P.2d 173 (Colo.Ct.App.1989), the court rejected the defendant's argument that "once his good time and earned time had vested, and he had served his original sentence less those good-time and earned-time credits," he was entitled to be unconditionally discharged. Id. at 174. Moreover, in Anderson v. Kautzky, 786 P.2d 1082 (Colo.1990), the Colorado Supreme Court, while determining that good-time credit is available during the period of reincarceration following a parole violation, recognized that a defendant who was initially sentenced to two years' incarceration and was released on parole after approximately one year, had a remaining balance on his sentence of approximately one year, notwithstanding his good-time credit. Id. at 1085.
 
 
 12
 Accordingly, we find no merit in Petitioner's argument that Colorado courts had consistently interpreted the good-time credit statutes to provide that such credits are deducted from the sentence imposed. Bynum's interpretation of good-time credits was not " 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.' " Bouie, 378 U.S. at 354 (quoting Jerome Hall, General Principles of Criminal Law at 61 (2d ed. 1960)). Indeed, Petitioner's argument would render meaningless Colo.Rev.Stat. § 17-22.5-303(2), which provides for reincarceration of parole violators.[6] See Bynum, 784 P.2d at 738-39. In our view, it was foreseeable that the relevant statute would be interpreted to provide that good-time credits are used to determine a parole eligibility date, not a discharge date. Indeed, Bynum found this interpretation of the statute to be "clear[ ]," and we find it to be consistent with earlier Colorado case law interpreting the application of good-time credits. We conclude that application of the decisions in Bynum and its progeny to Petitioner did not violate his right to due process.[7]
 
 
 13
 The order of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John E. Conway, United States District Judge, District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 FNAfter examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.
 
 
 [1]
 A state prisoner who has been placed on parole remains "in custody" for purposes of § 2254. Mabry v. Johnson, 467 U.S. 504, 507 (1984)
 
 
 [2]
 Petitioner raised a second due process argument based on a retroactive application of the Thiret decision. According to Petitioner, under the law in effect at the time he committed his offense, he was entitled to mandatory parole in August 1990. Because Petitioner was granted discretionary parole in August 1991, this argument is moot
 We find no merit in the suggestion that had Petitioner been granted mandatory parole in August 1990, his sentence would now be completed. This argument seems to be premised on the erroneous belief that Petitioner's entire length of parole was only one year as mandated by his sentence imposed under Colo.Rev.Stat. § 18-1-505(1)(a)(I). See Jones v. Martinez, 799 P.2d 385, 386 (Colo.1990) (distinguishing between parole required under initial sentence and parole ordered by the parole board). In fact, Petitioner's release on parole, regardless of whether it was in August 1990, as he claims it should have been, or August 1991, as it actually was, would not reduce the length of his sentence, and he remains in the custody of the state for the full term of his sentence. See Colo.Rev.Stat. § 17-22.5-103 ("[n]o inmate shall be discharged from the department until he has remained the full term for which he was sentenced").
 
 
 [3]
 Petitioner also contends that his accumulated earned-time credits should be credited against his imposed sentence, as opposed to merely his period of incarceration. We express no opinion on this issue as it is undisputed that Petitioner's earned-time credit has been deducted from his imposed sentence to determine his discharge date
 
 
 [4]
 Obfuscating the issue before us, Petitioner points to several other statutes which are not relevant to the issue before us. See Colo.Rev.Stat. § 17-22.5-103 (providing for a one-year period of parole supervision); id. § 16-11-310 ("incarcerated person shall be unconditionally released and discharged upon the expiration of his sentence, less the deductions authorized in article 22.5 of title 17"), repealed by 1988 Colo.Sess.Laws 707, 715. These statutes simply do not address whether good-time credits are credited against the total sentence or the period of incarceration
 
 
 [5]
 Moreover, to the extent that these cases were decided after March 1984, their relevance to the foreseeability issue is suspect because they were decided after Petitioner committed his crimes. Cf. Helton, 930 F.2d at 1047 (case arguably expanding degree of punishment for crime irrelevant to foreseeability inquiry because case decided after prisoner committed crime)
 
 
 [6]
 Colo.Rev.Stat. § 17-22.5-303(2) authorizes the Parole Board to return a parole violator to prison for a period of up to two years. If good-time credits are deducted from the total sentence, as Petitioner contends, there could be no period of reincarceration, nor any subsequent term of parole for that matter. For example, a person sentenced to four years would accumulate two years of good-time credit after spending two years in prison. Under Petitioner's argument, he would be entitled to immediate discharge from custody, and would not even be subject to conditions of parole. This is clearly contrary to Colorado law and therefore an unreasonable interpretation of the statute governing good-time credits. See Colo.Rev.Stat. § 17-22.5-103 ("[n]o inmate shall be discharged from the department until he has remained the full term for which he was sentenced")
 
 
 [7]
 Petitioner's remaining arguments, while couched in constitutional terms, are no more than requests that this court interpret state statutes. This is beyond the scope of our review on habeas. Davis v. Reynolds, 890 F.2d 1105, 1109 n. 3 (10th Cir.1989)