**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

ROBERT FULTZ,

        Petitioner-Appellant,

v.

L. EMBRY, Warden, Colorado
Territorial Correctional Facility
and ATTORNEY GENERAL FOR
THE STATE OF COLORADO,

        Respondents-Appellees.

No.  97-1336

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D.C. No. 97-M-1702)

---

Submitted on the briefs:

Robert Fultz, Pro Se.

Gale A. Norton, Attorney General, Paul S. Sanzo, First Assistant Attorney
General, Denver, Colorado, for Respondents-Appellees.

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

**TACHA** , Circuit Judge.

---

Petitioner appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. [1] Petitioner was convicted in Colorado state court of two felonies committed in April 1985, and was given two concurrent twenty-four-year sentences. He alleges his presentence confinement, actual time served, good time credits, and earned time credits as of July 1997 totaled more than twenty-four years. Therefore, petitioner maintains, he has discharged his sentence and is entitled to an immediate release from custody. In support of his request for immediate release, petitioner asserts that the state statutes governing the administration of sentences in effect at the time of his offense provided that good time and earned time credits would count toward service of a sentence. He contends that the Colorado Supreme Court's subsequent interpretation of those statutes as permitting the credits to count only toward parole eligibility violates the Ex Post Facto Clause.

Petitioner admitted in the district court that he has not exhausted his state court remedies on his claim for an early discharge of his sentence. He contended that exhaustion would be futile, however, in light of the Colorado courts' uniform rejection of similar arguments by other prisoners. The district court agreed that

---

[1]   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

exhaustion would be futile and addressed the merits of petitioner's claims. The court concluded that petitioner was not entitled to relief, based on the rationale set forth in Grenemyer v. Gunter, 770 F. Supp. 1432 (D. Colo. 1991) (upholding Colorado Supreme Court's interpretation of parole statutes against constitutional challenge), aff'd, 968 F.2d 20 (10th Cir. 1992) (table). The court, therefore, denied the writ and dismissed the action.

We exercise jurisdiction under 28 U.S.C. § 1291. We have granted petitioner both a certificate of appealability and leave to proceed in forma pauperis on appeal. See id. § 2253(c)(1)(A); id. § 1915. Because we also agree that exhaustion of state court remedies would be futile here, we proceed to the merits of petitioner's claims. See Wallace v. Cody, 951 F.2d 1170, 1171 (10th Cir. 1991) (holding that exhaustion of state remedies is not required when it would be futile).

We first consider petitioner's reliance on the Ex Post Facto Clause. See U.S. Const., Article I, § 10. "To fall within the *ex post facto* prohibition, a law must be retrospective–that is it must apply to events occurring before its enactment–and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime[.]" Lynce v. Mathis, 519 U.S. 433, ___, 117 S. Ct. 891, 896 (1997) (quotations and citations omitted). "The *Ex Post Facto* Clause is a limitation upon the powers of

the Legislature and does not of its own force apply to the Judicial Branch of government."  Marks v. United States , 430 U.S. 188, 191 (1977) (citation omitted).  Nonetheless, the principles underlying the Ex Post Facto Clause

> are fundamental to our concept of constitutional liberty and therefore protected by the Due Process Clause of the Fifth and Fourteenth Amendments.  Consequently, [i]f a state legislature is barred by the *Ex Post Facto* Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.

McDonald v. Champion , 962 F.2d 1455, 1458 (10th Cir. 1992) (citation and quotation omitted) (alteration in original).  Therefore, we will analyze petitioner's challenge in the context of the Due Process Clause.

The Colorado statutes relating to good time credits, earned time credits, and parole were substantially revised in 1979 and again in 1984.     See 1979 Colo. Session Laws, ch. 157, sec. 14, 664, 667; 1984 Colo. Session Laws, ch. 126, 517. These revisions became effective before petitioner committed his offenses in April 1985.   See 1979 Colo. Session Laws, ch. 157, sec. 79, 664, 671; 1984 Colo. Session Laws, ch. 126, sec. 7, 517, 524.  As is not uncommon, a number of years went by after passage of these new laws before the Colorado Supreme Court was called upon to interpret and apply them.

Thus, it was not until 1989 that the court issued its first opinion holding that "the earned and good time provisions of [Colorado Revised Statutes] sections 17-22.5-301 to -302[,] . . . together with section 16-11-310, were only intended to

-4-

establish the mandatory date of release on parole." Bynum v. Kautzky, 784 P.2d 735, 739 (Colo. 1989) (en banc). Until then, the court had interpreted only the pre-1979 statutory scheme and had held that "good time and earned time credits are to be deducted from the sentence imposed." Jones v. Martinez, 799 P.2d 385, 387 & n.3 (Colo. 1990) (en banc) (collecting cases). Since Bynum, the court has considered the post-1979 statutory scheme on numerous occasions, and has uniformly held that when "the inmate's actual time served, presentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is not entitled to an unconditional release, but rather has earned the right to be considered for parole." Id. at 387-88 & n.5 (collecting cases).

We are bound by the Colorado Supreme Court's construction of state law. See Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). Whether that construction offends the federal constitution, however, is a matter subject to plenary review. See Helton v. Fauver, 930 F.2d 1040, 1044 (3d Cir. 1991). No longer permitting good time and earned time credits to reduce the length of a sentence would, arguably, increase the punishment for a crime. Cf. Lynce, 117 S. Ct. at 896 (holding that retroactive change in legislation that effectively postponed date when prisoner became eligible for early release ran afoul of ex post facto prohibition). Therefore, we must determine whether petitioner's due process

rights would be violated by retroactively applying the statutory interpretation set forth in Bynum and its progeny.

"The test for determining whether the retroactive application of a judicial decision violates due process is essentially one of foreseeability. A decision is unforeseeable if it is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue.'" United States v. Morehead, 959 F.2d 1489, 1512 (10th Cir.) (quoting Bouie v. City of Columbia, 378 U.S. 347, 354 (1964)), reh'g en banc granted in part on other grounds sub nom United States v. Hill, 971 F.2d 1461 (10th Cir. 1992).

In People v. Grenemyer, 827 P.2d 603 (Colo. Ct. App. 1992), the Colorado Court of Appeals considered whether the retroactive application of Bynum and its progeny to a defendant whose offense of conviction occurred in the spring of 1984 would violate his right to due process. The court concluded that "the supreme court's holdings do not constitute so unforeseeable an interpretation of the good time and earned time credit provisions as to deprive defendant of fair warning concerning the effect upon his sentence." Id. at 607. The court supported its conclusion by reference to both the rationale of the supreme court's holdings and the law in effect at the time the defendant committed his offense.

> Surely, it was foreseeable that § 16-11-310, C.R.S. (1986 Repl. Vol. 8), upon which defendant relies, would not be construed in such manner as to defeat the purpose or eliminate the requirement of parole. The possibility of reincarceration for violating conditions of

> parole necessarily rejects the concept of an incarcerated person meriting diminution of sentence by credits for good behavior prior to being released on a conditional basis.
>
> Furthermore, the earning of good time credits against the term of sentence would be totally incompatible with the discretionary parole scheme applicable to persons, such as defendant, convicted of sex offenses.

Id. (citations omitted).

We fully agree with the Colorado Court of Appeals' determination that the Colorado Supreme Court's holdings in Bynum and its progeny were foreseeable. Had the Colorado Supreme Court interpreted the statutes to permit good time and earned time credits to be counted toward actual service of a sentence, it would have eviscerated the statutes' parole provisions. Therefore, petitioner's due process challenge to the retroactive application of Bynum fails, as must his claim to an early discharge of his sentence.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Petitioner's motion for an expedited ruling is DENIED as moot.