The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

George Cecil ROBERTS, Defendant–Appellant.

No. 03CA1787.

Colorado Court of Appeals, Div. III.

April 5, 2007.

Certiorari Granted Oct. 22, 2007.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Neff Services, Inc., Lauretta A. Martin Neff, Bayfield, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, George Cecil Roberts, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft of $15,000 or more. He also appeals the sentence imposed. We affirm and remand for further proceedings concerning presentence confinement credit.

## I. Background

This is the second time a division of this court has addressed this appeal. The first division agreed with Roberts that his right to a speedy trial was violated, thus obviating the need to consider his three alternative arguments. *People v. Roberts*, (Colo.App. No. 03CA1787, June 16, 2005), 2005 WL 1412180 (not published pursuant to C.A.R. 35(f)). However, the Colorado Supreme Court held the trial court did not violate Roberts's right to a speedy trial, reversed, and remanded for reinstatement of the judgment. *People v. Roberts*, 146 P.3d 589 (Colo. 2006).

Subsequently, Roberts filed a motion to recall the mandate to consider his three alternative arguments. That motion was granted, and we now consider the remaining issues.

The relevant facts are as follows. From 1999 to 2001, Roberts was a store manager for various 7–Eleven convenience stores. His duties included making daily bank deposits from the stores' sales.

On March 21, 2001, he told Robert Buggage, a loss prevention manager for 7–Eleven, that he had lost two bank deposits totaling approximately $27,000. Roberts stated that the first incident occurred in June 1999. Roberts was on his way to deposit approximately $11,000 and was outside the store talking to another employee, when he was notified that he had a phone call. Roberts told Buggage that he left the deposit sitting on his car and went inside to take the call, and when he returned, the deposit was gone. That deposit was never recovered.

The second incident occurred in December 2000. Roberts was transferred to a different 7–Eleven store, and he reported that on his second day there, he calculated that day's sales and determined approximately $15,000 to $16,000 was missing.

Roberts did not inform his employer of either incident. Instead, he began "rolling" the bank deposits by taking one day's deposit to cover the previous day's missing deposit, which allowed him to hide the fact that funds were missing.

Roberts was charged with theft of $15,000 or more. After a jury trial, he was convicted of theft as charged. In a special interrogatory, the jury found that the amount of the theft was $27,169.14 and that it occurred on March 21, 2001. In addition, Roberts had pled guilty to a felony charge in a different district and was sentenced to probation in that case on January 3, 2000.

The trial court considered as aggravating factors that Roberts was on probation on March 21, 2001 and that he stole more than $15,000. It sentenced him to eight years in the Department of Corrections.

## II. Sufficiency of Evidence and Sentencing Based upon Probation

Roberts contends the trial court erred in aggravating his sentence based upon the fact that he was on felony probation because, he asserts, (1) there was insufficient evidence to

support a finding that he committed theft when he was on probation and (2) the court may not properly aggravate the sentence based on the judge-found fact that he was on probation. We disagree.

## A. Sufficiency of Evidence

Roberts contends that because the incidents forming the basis for his prosecution occurred in 1999 and 2000, there was insufficient evidence to support the jury's finding that the taking of property occurred on March 21, 2001 and, therefore, his sentence based on that finding must be reversed. We disagree.

As we read Roberts' argument, he maintains that the trial court erred in imposing an aggravated range sentence because no evidence was presented to establish that a taking occurred on March 21, 2001, as the jury found. To resolve this question, we must determine as a matter of law whether theft by deception is a continuing offense and, if so, when it ends.

■ "[T]heft by deception requires proof that misrepresentations caused the victim to part with something of value and that the victim relied upon the swindler's misrepresentations." *People v. Warner,* 801 P.2d 1187, 1189–90 (Colo.1990)(quoting *People v. Terranova,* 38 Colo.App. 476, 483, 563 P.2d 363, 368 (1976)).

In this case, the jury was instructed consistently with § 18–4–401(1)(b), C.R.S.2006:

A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or *deception* and knowingly uses, conceals, or abandons the thing of value in such a manner as to deprive the other person permanently of its use of benefit.

(Emphasis added.)

■ A crime is a continuing offense if the language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that the legislature must surely have intended that it be treated as a continuing one. *People v. Thoro Prods. Co.,* 70 P.3d 1188 (Colo.2003).

A division of this court has held that theft by receiving, § 18–4–410(1), C.R.S.2006, is a continuing crime: "A defendant necessarily continues to commit any crime involving possession, including the offense of possession of stolen property, during the entire period he or she possesses the property." *People v. Zuniga,* 80 P.3d 965, 969 (Colo.App.2003) (citing *Von Eichelberger v. United States,* 252 F.2d 184, 185 (9th Cir.1958)).

■ We conclude that the rationale in *Zuniga* applies equally to the crime of theft by deception. Because the property owner continues to be deprived of his or her property so long as the thief retains that property, the crime of theft by deception continues until the deception ends. Therefore, an individual who obtains property through deception continues to commit the crime of theft by deception so long as he or she possesses property without revealing or having another reveal that he or she has taken it.

Our conclusion is supported by cases from the majority of other jurisdictions, arising in the context of the statute of limitations for such offenses. *See Lipham v. State,* 616 So.2d 396, 397 (Ala.Crim.App.1993) (court held that defendant "through her repeated and false misrepresentations to [victim], continued her authorized control of the corporate checks and that this evidence is sufficient to meet the allegation of the indictment that the [defendant] obtained control over [victim's] checks by deception"); *State v. Rabago,* 103 Hawai'i 236, 81 P.3d 1151, 1163 (2003)(recognizing theft of state property by deception is a continuing crime); *State v. Trosen,* 547 N.W.2d 735, 738 (N.D. 1996)(check fraud is a continuing scheme of theft by deception). *But see Rosborough v. State,* 909 So.2d 772 (Ala.2004) (notwithstanding four dissenting opinions, holding interest payments made to prevent employer from discovering thefts did not constitute part of a continuing crime of theft by deception).

■ Here, it is undisputed that two sums of money disappeared: one in June 1999 and another in December 2000. Evidence was presented to the jury that Roberts obtained or exercised control over both sums of money by deception until he was confronted by his

employer on March 21, 2001, and revealed the money was missing, and those sums were never recovered.

Although the parties and the court agreed there was no physical taking of property on March 21, 2001, the prosecution asserted during closing argument that Roberts committed a continuing crime of deception by retaining the funds and that Roberts stole money each day to prevent 7–Eleven from discovering the funds were missing. The jury interrogatory identifying March 21, 2001 as the date of the crime is consistent with the prosecution's argument that Roberts committed the theft by deception from June 1999 until that date. The evidence also supports the conclusion that Roberts misled his employer about the missing funds and his employer relied on those misrepresentations until it discovered the discrepancy.

We conclude the jury reasonably could have found that the crime of theft by deception continued until Roberts disclosed that he had rolled the funds and ended the deception. Because the crime continued until March 21, 2001, we conclude there was substantial and sufficient evidence to support his sentence for theft of $15,000 or more on that date.

### B. Judge–Found Fact

Roberts, nonetheless, contends that the trial court erred in aggravating his sentence based on the fact that he was on probation because only a jury may properly find facts that aggravate a sentence. We disagree.

A defendant who is on felony probation at the time of commission of a crime is subject to sentence enhancement. Section 18–1.3–401(8)(a)(III), C.R.S.2006.

In general, a sentence may only be aggravated based upon facts found by a jury beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

However, a court may aggravate a sentence based upon a judge-found fact that a defendant has a prior conviction. *Lopez v.*

*People*, 113 P.3d 713 (Colo.2005). Likewise, a court may aggravate a defendant's sentence based on the judge-found fact that the defendant was on probation at the time of the crime. *People v. Huber*, 139 P.3d 628 (Colo.2006).

Here, the court found that Roberts was on probation at that he committed the theft offense. Therefore, the court did not err in increasing Roberts's sentence based on that fact.

### III. Theft over $15,000

Relying on § 18–4–401(4), C.R.S.2006, Roberts contends the court erred in denying his motion to require proof that he stole $15,000 or more within a particular six-month period. We disagree.

A person commits theft when he or she knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception. Section 18–4–401(1). Theft of $15,000 or more is a class three felony. Section 18–4–401(2)(d), C.R.S.2006. The theft of an aggregate amount of $15,000 or more from two or more offenses within a six-month period is also a class three felony. Section 18–4–401(4).

As discussed above, we have concluded that a theft by deception continues so long as the defendant retains possession of the stolen property and the deception continues. It follows that the theft here of two separate sums that total $15,000 or more is properly considered a single instance of theft by deception pursuant to § 18–4–401(2)(d) so long as the deception continues.

Here, Roberts was initially charged with theft of between $500 and $15,000 pursuant to § 18–4–401. The prosecution later moved to amend the charge to theft of $15,000 or more. Neither the charging document nor the motion to amend specified the subsection of the statute under which he was charged.

After the court swore in the jury, Roberts moved to require the prosecution to elect a six-month period in which the two alleged thefts occurred as required by § 18–4–401(4). The court denied that motion at that time,

reserving the issue to be decided on a motion for acquittal at the close of evidence. At the close of evidence, Roberts again raised this issue. The prosecution stated that it could proceed under § 18–4–401(2)(d) because the theft was a continuing crime over the entire period charged. The court ruled that subsection (2)(d) was the premise for the charge and denied Roberts's motion to require the prosecution to elect a six-month period.

Based on our conclusion in part II.A that theft by deception is a continuing crime, we conclude the court did not err in finding that subsection (2)(d) applied to this case. Roberts's deception concerning both the June 1999 and the December 2000 thefts continued until the deception ended on March 21, 2001. *See People v. Zuniga, supra.* Therefore, the charged offense was properly considered a single theft and did not require the prosecution to elect a six-month period in which multiple thefts occurred.

### IV. Mittimus

Roberts contends, the People concede, and we agree that because of an oversight the trial court failed to give Roberts presentence confinement credit (PCC).

At sentencing, the parties agreed that Roberts was entitled to certain PCC. The trial court ordered defense counsel to submit his calculation of PCC within thirty days and ordered the prosecution to file any objection within fifteen days thereafter.

Defense counsel filed a motion requesting 183 days credit plus 6 days for "pre-guilty verdict" time. The prosecution did not object and concedes on appeal that the trial court should have entered on the mittimus 189 days PCC for defendant.

Roberts also contends that he is entitled to a hearing to determine additional PCC from some undetermined date until he was arrested in this case. We agree.

A defendant is entitled to have the amount of presentence confinement credited against the term of his or her sentence. *People v. McCall,* 662 P.2d 178, 179 (Colo.1983)(citing *People v. Chavez,* 659 P.2d 1381 (Colo.1983)). In *McCall,* the trial court did not make factual findings or conclusions of law in denying the defendant PCC. The Colorado Supreme Court reversed and remanded for a determination of the defendant's PCC. As in that case, here we conclude Roberts is entitled to a hearing to determine whether he is entitled to any additional PCC that arose prior to his arrest in this case.

The judgment and sentence are affirmed. The case is remanded for correction of the mittimus to reflect 189 days PCC and for a determination of whether defendant is entitled to any additional PCC.

Judge ROTHENBERG and Judge ROMÁN concur.