The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Raymond Richard OLDSEN, Defendant-Appellant.

No. 83CA0306.

Colorado Court of Appeals, Div. I.

Oct. 11, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Granted April 1, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Raymond Richard Oldsen, was convicted by a jury in April 1982 of second degree sexual assault, sexual assault on a child, aggravated incest, and child abuse allegedly perpetrated by him on his five-year-old daughter. Over defendant's objections, the trial court allowed a physician, a school psychologist, a clinical social worker, and an investigator for the district attorney to testify to oral or demonstrative statements made to each by the child in which she described the indecent liberties taken with her and said that her "daddy" had done them. Contending that the court erred in admitting these statements, defendant appeals. We affirm.

Defendant contends that *W.C.L. v. People*, 685 P.2d 176 (Colo.1984) is dispositive. We do not agree. In *W.C.L.*, a case involving a three-year-old girl sexually assaulted by her sixteen-year-old uncle, out-of-court statements by the victim to her aunt and to a pediatrician were held inadmissible because Colorado had not adopted Fed.R. Evid. 803(24). Omitted from the opinion was any ruling on whether the statements to the doctor were admissible under the medical exception to the hearsay rule, CRE 803(4). *See W.C.L.*, footnote 8.

The People contend that under the circumstances of this case, the child's statements to the three professionals (the physician, the psychologist, and the clinical social worker) were admissible under CRE 803(4). We agree. That exception includes "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

Contrary to defendant's contention, all of the child's statements to the three professionals served a diagnostic or therapeutic purpose. They needed to know a wide variety of details about her family situation in order to provide adequate treatment. Her statements enabled them to diagnose and treat the emotional and developmental problems which were retarding her progress in school and the physical problems manifested by an enlarged and scarred vagina as well as by occasional pain. And it required the expertise of all three to arrive at a correct diagnosis and to devise and implement a proper treatment plan.

Ordinarily, "statements as to fault" do not qualify under CRE 803(4). *See United States v. Iron Shell*, 633 F.2d 77 (8th Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). However, since it was allegedly her father's abusive conduct that was the cause or external source of each of these problems, no effective diagnosis or treatment

could take place here unless and until the child identified the person who had committed the abuses. Merely stating that some unidentifiable man had sexually assaulted her would have had little therapeutic value and could not have prevented ongoing or recurring sexual abuse. Thus, the child's statements to the three professionals describing the abuse and identifying her father as the perpetrator were "reasonably pertinent to diagnosis and treatment" and, therefore, were admissible under CRE 803(4).

The People admit that the out-of-court statements made by the child to the district attorney's investigator were not admissible under CRE 803(4). However, since these statements were merely cumulative of those that were properly admitted, they contend that receiving this testimony was harmless error. *See People v. Coston,* 40 Colo.App. 205, 576 P.2d 182 (1977), *aff'd,* 633 P.2d 470 (Colo.1981). We agree.

In view of our holding on the admissibility of the statements made to the three professionals and the harmless error in also admitting the child's statements to the investigator, we do not address the issue of whether § 13–25–129, C.R.S. (1983 Cum. Supp.), enacted in May 1983, which in effect enacted Fed.R.Evid. 803(24), can be applied retroactively or only prospectively.

Defendant's other contentions for reversal are without merit.

Judgment affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Had not the supreme court spoken in *W.C.L. v. People,* 685 P.2d 176 (Colo.1984), I would find persuasive the reasoning of the majority as it applies to statements of the child to the physician and clinical social worker elicited by them solely for the purposes of diagnosis and treatment. However, we are bound by *W.C.L.*

In *W.C.L.,* the supreme court specifically noted: "The court admitted the victim's statements to the doctor under the medical diagnosis exception to the hearsay rule, codified at CRE 803(4), on the basis that the medical diagnosis in this case necessarily included the source of the injuries as well as their nature." The supreme court then went on to say: "We agree with the Court of Appeals that the victim's statements do not fall within the exceptions to the hearsay rule codified in the Colorado Rules of Evidence."

Thus, the holding in *W.C.L.* is dispositive. I would therefore reverse and remand for retrial.