**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Richard M. BROWNING, Defendant–Appellant.**

**No. 88CA0652.**

Colorado Court of Appeals, Div. IV.

Dec. 20, 1990.

Rehearing Denied Feb. 7, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Beverly Fulton, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Richard M. Browning, appeals a judgment of conviction entered on a jury verdict finding him guilty of theft by receiving and appeals the resulting sentence to a term of incarceration greater than the presumptive range. We affirm the conviction, reverse the sentence, and remand for new sentencing in accordance with this opinion.

On December 20, 1987, defendant allegedly participated with one or more juveniles in the theft of a motor vehicle. Although defendant was charged with other offenses, the district attorney elected to proceed only on one count of theft by receiving, a class 4 felony. Upon the jury's verdict as to that offense, the court dismissed the other charges.

In March 1988, defendant was sentenced to the department of corrections for 8 years and 1 day, a term greater than the presumptive range of sentencing for a class 4 felony. This sentence was imposed because the court found that defendant, as a consequence of offenses committed in 1982 and 1983, was on parole at the time of the commission of the crime. *See* § 18-1-105(1)(a)(IV) and § 18-1-105(9)(a)(III), C.R.S. (1986 Repl.Vol. 8B).

After initiating this appeal, defendant filed a motion for reconsideration of the sentence pursuant to Crim.P. 35. The trial court denied defendant's motion.

## I.

Defendant contends that his conviction should be reversed because inadmissible hearsay evidence was presented to the jury and that substantial prejudice to him resulted from the cumulative effect of that testimony. We disagree.

■ We will not reverse a conviction because of erroneous evidentiary rulings if the errors are harmless, *i.e.,* errors that do not affect substantial rights. *People v. Snook*, 745 P.2d 647 (Colo.1987). *See* Crim.P. 52(a).

■ In addition, error may not be predicated on a ruling which admits evidence unless a timely objection appears of record. CRE 103(a)(1). Failure to object in the trial court on the grounds asserted on appeal is deemed to be a waiver of the objection. *People v. Watson*, 668 P.2d 965 (Colo.App. 1983).

■ There were four occurrences of alleged hearsay to which defendant objected at trial. In each case, the declarant of the statements in question did testify, and the challenged statements were merely cumulative of others that were properly admitted. *People v. Oldsen*, 697 P.2d 787 (Colo. App.1984). In one instance, the testimony was admitted initially without objection, was objected to when the testimony was elicited a second time, and no objection was raised when the evidence was presented again.

In addition, although we do not have the full record for review, there was sufficient evidence upon which the jury could find the defendant guilty even without the challenged hearsay. Therefore, the admission of such testimony, if error, was harmless. *See Gould v. People*, 167 Colo. 113, 445 P.2d 580 (1968); *People v. Shipman*, 747 P.2d 1 (Colo.App.1987).

## II.

■ Defendant also contends that he was not lawfully on parole at the time of the offense, December 20, 1987, and that, therefore, the term of imprisonment of eight years and one day exceeds that allowed by law. We agree.

The presumptive range of penalties authorized upon conviction of a class 4 felony committed on or after July 1, 1985, is imprisonment from two to eight years. Section 18–1–105(1)(a)(IV), C.R.S. (1990 Cum. Supp.). However, if the defendant was on parole for another felony at the time of the commission of the felony, such fact constitutes an extraordinary aggravating circumstance, and the court, if it sentences defendant to incarceration, must sentence him to a term greater than the maximum in the presumptive range. Section 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B).

The record reflects that, in 1982, defendant was convicted of menacing by use of a deadly weapon, a class 5 felony, and was given a deferred sentence. In 1983, during the deferred sentence period, defendant was convicted of second degree burglary, a class 4 felony. Defendant's deferred sentence in the 1982 case was revoked, and he was placed on two years probation for the menacing conviction and four years probation for the burglary conviction. Later in 1984, this probation was revoked, and, on May 17, 1984, defendant was sentenced to terms of two years in the department of corrections, plus one year of parole, for each offense, the sentences to run concurrently. Defendant was received at the department of corrections on June 19, 1984. On February 4, 1985, defendant was paroled for a period of one year.

On August 29, 1985, defendant's parole was revoked as a result of a guilty plea to possession of marijuana, and he was ordered to return to the department of corrections for six months, such sentence to run concurrently with a 90–day jail sentence imposed for the drug offense.

Defendant remained in the custody of the department of corrections until November 29, 1985, at which time he was paroled with a new discharge date of April 21, 1986. However, on March 20, 1986, as a result of his failure to pay restitution, defendant's parole was revoked for a period of one day, after which time his parole was extended for two years, with a new

discharge date of April 21, 1988. Thus, according to the records of the board of parole, defendant was on parole at the time of the December 20, 1987, incident.

Section 17–22.5–303(2), C.R.S. (1986 Repl. Vol. 8A), regarding parole, provides that as to any person sentenced for a class 4 or 5 felony committed on or after July 1, 1981, and before July 1, 1984:

> "Upon a determination that the conditions of parole have been violated ... the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, or revoke the parole and order the return of the offender to the institution in which he was originally received for a period of not more than two years; *but in no event shall any period of reincarceration, subsequent term of parole, and sentence actually served exceed the sentence imposed pursuant to section 18–1-105, C.R.S.* The good time deduction authorized by section 17–22.5–301 shall apply to periods of reincarceration provided for in this section." (emphasis added)

Thus, depending upon the interpretation of the phrases "period of reincarceration," "subsequent term of parole," and "sentence actually served," the limitation set out in the above emphasized language of the statute may have been applicable such that defendant was not lawfully on parole on the date of the offense at issue.

 The first goal of a court in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine the legislative intent, courts look first to statutory language. *People v. Terry,* 791 P.2d 374 (Colo.1990). In addition, statutory provisions are to be construed according to their plain and obvious meaning and should not be subjected to strained or forced interpretation. *Anderson v. Kautzky,* 786 P.2d 1082 (Colo. 1990). *See* § 2–4–101, C.R.S. (1980 Repl. Vol. 1B).

Here, we construe "period of reincarceration" as being the period of incarceration after the previous parole was revoked, and "subsequent term of parole" as being the term of parole subsequent to the period of reincarceration or subsequent to the latest parole revocation hearing. In this case, as of the March 20, 1986, parole revocation, the period of reincarceration was to be one day, and the subsequent term of parole was to be to April 21, 1988. Thus, the determinative issue here is the meaning of "sentence actually served."

The People essentially argue that "sentence actually served" includes only the previous periods of incarceration and not the previous periods defendant was on parole. The People conclude, therefore, that the parole board could extend the period of parole so long as the previous periods of incarceration, period of reincarceration, and the term of parole subsequent to the period of reincarceration, do not exceed the sentence imposed.

However, a defendant's release on parole in no way alters the fact that he is still under sentence. *People v. Lucero,* 772 P.2d 58 (Colo.1989). Thus, we conclude that, under the statute at issue here, for purposes of a parole revocation, the "sentence actually served" includes all previous periods of incarceration *plus* all previous periods of release on parole. *See People v. Leedom,* 781 P.2d 173 (Colo.App.1989).

Our conclusion is confirmed by examination of the statutory history of the relevant parole revocation statutes. Prior to July 1, 1979, Colo.Sess.Laws 1977, ch. 223, § 17–2–205 at 915, provided that:

> "*Time of parole not considered when convict is reincarcerated.* The paroled convict who, upon the order of the board, may be returned to the penitentiary shall be retained therein according to the terms of his original sentence, and *in computing the period of his confinement the time between his release upon said permit and his return to said penitentiary shall not be taken to be any part of the term of the sentence.*" (emphasis added)

This statute continued in effect until July 1, 1984. However, it did not apply to the class 4 and class 5 felonies at issue here which were committed on or after July 1,

1979. *See* Colo.Sess.Laws 1979, ch. 157, § 17–2–213 at 667. According to § 17–2–213, parole for persons sentenced for conviction of a class 4 or class 5 felony committed on or after July 1, 1979, shall be "as provided in section 18–1–105, C.R.S. 1973, and article 22.5 of this title."

Effective July 1, 1984, as to offenders sentenced for crimes committed prior to July 1, 1979, § 17–2–205 was repealed and reenacted with amendments as § 17–22.5–203(1), C.R.S. (1986 Repl.Vol. 8B). It provides:

> "The paroled inmate, upon an order of the state board of parole, may be returned to the custody of the department according to the terms of his original sentence, and, *in computing the period of his confinement, the time between his release and his return to said custody shall not be considered any part of the term of his sentence.*" (emphasis added)

The statute at issue here, § 17–22.5–303(2), C.R.S. (1986 Repl.Vol. 8A), covering felonies committed on or after July 1, 1981, and before July 1, 1984, as quoted above, was also adopted in 1984.

Additionally, until 1987, for felonies committed on or after July 1, 1984, the language was similar:

> "Upon a determination that the conditions of parole have been violated in a parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, or revoke the parole and order the return of the offender to the institution to which he was originally received for a period of not more than five years. *In no event shall any period of reincarceration, subsequent term of parole, and sentence actually served exceed the sentence imposed pursuant to section 18–1–105, C.R.S. ...*" (emphasis added)

Sections 17–22.5–303(4) and 17–22.5–303(7), C.R.S. (1986 Repl.Vol. 8A).

However, in 1987, for felonies committed on or after July 1, 1985, § 17–22.5–303(7) was amended to provide:

> "Upon a determination that the conditions of parole have been violated in a parole revocation proceeding, the state board of parole shall continue the parole in effect, modify the conditions of parole if circumstances then shown to exist require such modifications, which circumstances shall be set forth in writing, or revoke the parole and order the return of the offender to a place of confinement designated by the executive director for a period of not more than five years. *In computing the period of reincarceration, the time between the offender's release on parole and the revocation of such parole shall not be considered to be any part of the term of the sentence. In no event shall any period of reincarceration and sentence actually served exceed the sentence imposed pursuant to section 18–1–105, C.R.S. ...*" Section 17–22.5–303(7), C.R.S. (1990 Cum.Supp.) (emphasis added)

The general rule is that when a statute is amended, it is presumed that the General Assembly intended to change the law. *Charnes v. Lobato,* 743 P.2d 27 (Colo. 1987). However, this presumption is not applicable when the statutory amendment merely clarifies the preexisting statute. *Kern v. Gebhardt,* 746 P.2d 1340 (Colo. 1987).

Here, the General Assembly has specifically provided that for felonies committed prior to July 1, 1979, and for felonies committed on or after July 1, 1985, if parole is revoked, that period of release on parole does not count towards the sentence. However, for the felonies at issue here committed on or after July 1, 1979, and before July 1, 1985, the statutes do not so provide, and therefore, we must presume that the General Assembly intended that, upon parole revocation and reincarceration, the previous time of release on parole does count against the sentence. Otherwise, the 1987 amendments would be superfluous. If the 1987 amendments were merely for clarification purposes, §§ 17–22.5–303(2) and 17–22.5–303(4) should also have been so clarified.

Furthermore, our resolution of this issue does not conflict with the statement in *Williamson v. Jordan,* 797 P.2d 744 (Colo. 1990), that: "If the parole is revoked, the period of time which the offender initially spent on parole between his release and his return to custody 'shall not be considered any part of the term of his sentence.'" There, our supreme court was addressing earned time and good time credits as they apply to crimes committed on or after July 1, 1984, and before July 1, 1985, and not the issue of whether, upon parole revocation, previous time served on parole is part of the sentence served. Further, the *Williamson* opinion cites the statutory provision applicable to crimes committed before July 1, 1979, and so it is not pertinent to the situation at issue here.

Here, since the "sentence imposed" on May 17, 1984, was for two years of imprisonment plus one year of parole, to be in compliance with § 17–22.5–303(2) defendant's parole could not lawfully have been extended past June 19, 1987, and therefore, he was not lawfully on parole on December 20, 1987, the time of the commission of the felony. Accordingly, his status as being on parole could not properly be considered as an extraordinary aggravating circumstance, and since no other aggravating circumstance was cited by the court as a basis for its sentence, the sentence beyond the presumptive range is not sustainable.

The judgment of conviction is affirmed; the sentence is reversed; and the cause is remanded for resentencing.

CRISWELL and DAVIDSON, JJ., concur.