25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robin Bruce BEVILLE, Plaintiff-Appellant,
v.
Gary CLEAR, William Kautzky, Henry Solano, Frank Gunter,
Adolph Martinez, and As Yet Unidentified Case
Manager at Colorado Department of
Corrections, Defendants-Appellees.
 No. 93-1407.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Robin Bruce Beville appeals from the district court's grant of summary judgment in favor of defendants on his complaint pursuant to 42 U.S.C.1983 for deprivation of his liberty interest without due process. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 On September 4, 1985, plaintiff was convicted of attempted felony theft (a class 5 felony committed on November 26, 1984) and felony theft (a class 4 felony committed in December 1982). He was sentenced to four years on each conviction, to be served concurrently. Plaintiff's 1983 complaint generally alleges that the Colorado Department of Corrections (DOC) and various department employees violated his liberty interests by holding him in custody too long.
 
 
 5
 Based on his time served before and after sentencing and good and earned time credits accrued before and after sentencing, plaintiff was released on mandatory parole for three years on November 9, 1986. His parole was revoked for parole violations on July 12, 1989. In determining his subsequent periods of custody and his mandatory release date, DOC did not give plaintiff credit for the good and earned time credits he had earned prior to his parole violation or for the period he spent on parole before it was revoked. He was subsequently in custody or on parole, which is constructive custody, until July 17, 1990, when he received his mandatory discharge. Plaintiff claims that he should have been released on November 9, 1989. He claims that the defendants' failure to release him from custody at that time violated state parole statutes and, in turn, violated his liberty interest without due process. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-62 (1989).
 
 
 6
 We note first that it is unclear from plaintiff's complaint whether he is suing defendants in their official or individual capacities or both. Though this issue was not addressed by the district court, "we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law." Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988)(quotation omitted). To the extent he is suing them in their official capacities, that part of his complaint fails because it is barred by Eleventh Amendment immunity. See id. at 1044-45. Construing his pro se pleadings liberally, we conclude that he is also suing defendants in their individual capacities. See Houston v. Reich, 932 F.2d 883, 885 (10th Cir.1991).
 
 
 7
 Plaintiff's claims are based on two somewhat related theories. First, he claims that when his parole was revoked he should have been given credit for the good and earned time credits he had accrued at that point because they had "vested" under Colorado law. This argument is based primarily on People v. Leedom, 781 P.2d 173, 175 (Colo. Ct.App.1989), which held that good time and earned time credits may not be withdrawn once vested even after parole has been violated and revoked. As the district court correctly noted, this argument is invalid because Leedom was effectively overruled three months later by Bynum v. Kautzky, 784 P.2d 735, 738-39 (Colo.1989)(good time and earned time credits vest only for determining parole eligibility, not for determining time already served and period of reincarceration after parole violation).
 
 
 8
 Plaintiff argues that if Bynum did overrule Leedom and hold that his credits were not vested, then applying Bynum retroactively to his situation violates due process because it in effect amounts to an ex post facto law created by judicial construction that was unforeseeable. See Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964)("If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction."); Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 342, 345 (10th Cir.1989)(for judicial interpretation of statute to violate due process, interpretation must be unforeseeable). We agree with the Colorado Court of Appeals' analysis and conclusion with respect to the same argument plaintiff advances here that Bynum was foreseeable and did not violate due process. People v. Grenemyer, 827 P.2d 603, 606-07 (Colo. Ct.App.1992). We therefore conclude that plaintiff's claim based on allegedly vested good and earned time credits is without merit.
 
 
 9
 Plaintiff's second theory is that he should have been given credit for the time he spent on parole prior to its being revoked. In support of this argument, he cites People v. Browning, 809 P.2d 1086 (Colo. Ct.App.1990). Browning analyzed several statutes explaining how to determine the sentence already served and the period of reincarceration for an offender whose parole has been revoked. Browning noted that the statutory language varied depending on whether the offender's crime was committed before July 1, 1979, on or after July 1, 1985, or, as plaintiff's crimes here, between July 1, 1979, and July 1, 1985. See Colo.Rev.Stat. 17-22.5-203(1), 17-22.5-303(2), 17-22.5-303(7). The court concluded that
 
 
 10
 the General Assembly has specifically provided that for felonies committed prior to July 1, 1979, and for felonies committed on or after July 1, 1985, if parole is revoked, that period of release on parole does not count towards the sentence. However, for the felonies at issue here committed on or after July 1, 1979, and before July 1, 1985, the statutes do not so provide, and therefore, we must presume that the General Assembly intended that, upon parole revocation and reincarceration, the previous time of release on parole does count against the sentence.
 
 
 11
 809 P.2d at 1090. Browning therefore appears to support plaintiff's second theory.
 
 
 12
 In response to plaintiff's complaint, defendants asserted the defense of qualified immunity. The defense of qualified immunity provides that government officials performing discretionary functions will not be held liable for their actions unless their conduct violates clearly established constitutional or statutory rights of which a reasonable person would have known. Medina v. City & County of Denver, 960 F.2d 1493, 1497 (10th Cir.1992). It is plaintiff's burden to show that the law allegedly violated was clearly established at the time of defendants' conduct. Id.
 
 
 13
 Even assuming that Browning correctly states the law that offenders whose crimes were committed between 1979 and 1985 should be given credit for their time on parole prior to their parole revocations, we conclude that this law was not clearly established in 1989 when the relevant conduct occurred. Ordinarily, for law to be clearly established, there should be Supreme Court, Tenth Circuit, or in this case, Colorado court decisions interpreting the law as plaintiff maintains. See Medina, 960 F.2d at 1498. In this case, there were no such court decisions. Browning itself did not provide clearly established law because it was not issued until December 20, 1990. 809 P.2d at 1086. Though the relevant statute was in effect in 1989, a Colorado Supreme Court case issued prior to Browning reached the opposite conclusion on whether pre-revocation parole time should be counted toward an inmate's period of incarceration. Williamson v. Jordan, 797 P.2d 744, 746 (Colo.1990)(concluding that time offender spent on parole prior to his return to custody should not be considered part of sentence served, where offender's crime was committed in December 1984). Though we may view Browning as the more persuasive interpretation of relevant law, the fact that the court ruled as it did in Williamson shows that the law as interpreted by Browning was not clearly established in 1989. Defendants in their individual capacities therefore are entitled to qualified immunity.
 
 
 14
 We have considered plaintiff's remaining contentions of error and find them without merit. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation