The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Tearsa A. SLOAN, Defendant–Appellant.

No. 98CA2238.

Colorado Court of Appeals,
Div. V.

April 27, 2000.

Ken Salazar, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Tearsa A. Sloan, Pro Se.

Opinion by Judge CASEBOLT.

Defendant, Tearsa A. Sloan, appeals the order denying the motion in which she requested credit against her sentence for the period she was at liberty from the Department of Corrections on an appeal bond. We affirm.

Defendant was convicted of child abuse resulting in death and was sentenced to sixteen years in the custody of the Department of Corrections (DOC). After she had been in custody for approximately two years, defendant was released on an appeal bond while her direct appeal was pending.

Defendant's direct appeal was rejected two years after her release, *see People v. Sloan,* (Colo.App. Nos. 91CA2089 & 92CA0041, June 23, 1994) (not selected for official publication), and she was remanded to the custody of the DOC. Defendant then requested the trial court to grant her credit for the time she was at liberty pending appeal. The trial court denied defendant's motion and her subsequent motion to reconsider. This appeal followed.

Defendant contends that, because the terms and conditions of the appeal bond restricted her liberty, the trial court erred in denying her motion for credit against her sentence. We disagree.

Section 16–11–307(1)(b), C.R.S.1999, provides that an offender is entitled to credit against a sentence for the period spent in confinement pending disposition of an appeal. No Colorado case has yet defined "confinement" in the context of § 16–11–307. However, § 16–11–306, C.R.S.1999, which entitles an offender to credit for presentence confinement, is similar in nature and purpose. Thus, we look to cases defining "confinement" in that context for guidance.

In *Beecroft v. People,* 874 P.2d 1041 (Colo. 1994), the defendant sought presentence con-

finement credit for time spent in a drug treatment program as a condition of a suspended sentence. The supreme court initially noted that, because time spent in jail, in a DOC facility, or as a resident in a community correctional facility substantially limits an individual's liberty, an offender is entitled to presentence credit for the period he or she was confined. The court stated further that an offender serving in a community correctional facility as a nonresident, like an offender serving a sentence of probation, is not entitled to presentence confinement credit because the offender "enjoys a degree of liberty that enables him to do a wide range of things open to persons who have never been convicted of any crime, including the freedom to be gainfully employed and to be with family and friends and to form the other enduring attachments of normal life." *Beecroft v. People, supra,* 874 P.2d at 1046.

Thus, the court found that, because time spent in a drug treatment program is analogous to probation or non-residential status at a community corrections facility, and not analogous to confinement in a jail, DOC, or residential community corrections facility, the defendant there was not entitled to presentence confinement credit under § 16–11–306. *Beecroft v. People, supra.*

Here, defendant contends her release was subject to certain terms and conditions. Although she has failed to designate the portion of the record documenting these conditions, we will assume, for purposes of this opinion, that defendant's allegations concerning the conditions of her appeal bond are correct.

The appeal bond was conditioned on defendant (1) not violating the law; (2) reporting to parole/probation once a week in person or by phone; (3) not being responsible for any minors; (4) attending school or obtaining employment; (5) continuing counseling; and (6) reporting in person for a bond return every six months.

We conclude these conditions did not so limit defendant's liberty as to constitute "confinement" under § 16–11–307. Like an offender in a community correctional facility on a nonresidential status, defendant was able to carry on a wide range of activities open to persons who have never been convicted of any crime, such as obtaining employment, going to school, and being with her family and friends. Because defendant was not in confinement, she is not entitled to receive credit against her sentence for the period she was at liberty pending the disposition of her appeal. *See United States v. Robles,* 563 F.2d 1308 (9th Cir.1977) (because time spent on bail or on bond pending appeal is not time served "in custody" under 18 U.S.C. § 3568 (1994), defendant not entitled to have time spent on bond pending appeal credited against his original sentence).

The order is affirmed.

Judge ROTHENBERG and Judge KAPELKE concur.