The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Leroy James CHAVEZ, Defendant–Appellant.

No. 03CA2427.

Colorado Court of Appeals, Div. I.

May 5, 2005.

Certiorari Denied Nov. 7, 2005.

1037

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

MARQUEZ, J.

Defendant, Leroy James Chavez, appeals the trial court orders denying his motions for 561 days of presentence confinement credit in two cases. We affirm.

Defendant was arrested in 01CR535 and released on bond seventeen days later. Shortly thereafter, defendant was arrested in 01CR1945, and he was released on bond sixteen days after that.

The prosecution then filed a motion in 01CR535 to increase defendant's bond. The trial court denied the motion, but ordered that defendant report to the Electronic Monitoring Program and be placed on a 10 p.m. to 6 a.m. curfew. *See* § 16–4–105(3)(d)(VII),

C.R.S.2004 (authorizing "electronic monitoring of the defendant" as a condition of bond).

Defendant subsequently pleaded guilty to one count of felony menacing in 01CR535 and one count of second degree assault in 01CR1945. He was sentenced to one year in the Department of Corrections (DOC) in 01CR535 and to five years in the DOC in 01CR1945.

Defendant then filed a pro se motion in each case requesting, among other things, 561 days of presentence confinement credit for the time he had been subject to electronic monitoring and a curfew. The trial court denied the motions in part and granted them in part. Defendant was granted presentence confinement credit for the time he was incarcerated prior to being released on bond, but was denied any credit for the time he was on bond. The trial court also denied defendant's subsequent motions for reconsideration. This appeal followed.

■ Defendant contends that the trial court erred in denying his motions for 561 days of presentence confinement credit for time spent confined to his home. We disagree.

Section 18–1.3–405, C.R.S.2004, provides that "[a] person who is confined for an offense prior to the imposition of sentence for such offense is entitled to credit against the term of his or her sentence for the entire period of such confinement."

Thus, the issue here is whether the time defendant was subject to electronic monitoring and a curfew constitutes confinement for purposes of this statute.

■ To receive presentence confinement credit, an offender must have been actually confined, and there must have been a substantial nexus between the confinement and the charge for which the sentence is ultimately imposed. *Beecroft v. People*, 874 P.2d 1041 (Colo.1994).

Colorado appellate courts have held that time spent in jail, in a DOC facility, or as a resident in a community corrections facility constitutes confinement under § 18–1.3–405, even if it was a condition of probation or was part of a work release program, because

"these facilities substantially limit an individual's liberty." *Beecroft v. People, supra,* 874 P.2d at 1045; *see People v. Hoecher,* 822 P.2d 8 (Colo.1991); *People v. Widhalm,* 991 P.2d 291 (Colo.App.1999).

In contrast, the courts have held that time spent on probation, on appeal bond, as a nonresident in a community corrections facility, as a resident in a community corrections halfway house, or as a nonresident in a drug treatment program does not constitute confinement under § 18–1.3–405 because these facilities and conditions do not sufficiently limit the offender's liberty. *See Beecroft v. People, supra; People v. Hoecher, supra; People v. Sloan,* 3 P.3d 497 (Colo.App.2000); *People v. Radar,* 652 P.2d 1085 (Colo.App. 1982).

Applying the rationale in these cases to the issue at hand, we conclude that the time defendant was subject to electronic monitoring and a curfew did not so limit his liberty as to constitute confinement under § 18–1.3–405. Unlike an offender on residential status in a community corrections facility, or an offender confined in a prison or jail, defendant continued to enjoy many of the freedoms that those who have never been convicted of a crime enjoy, such as working, attending school, and socializing with family and friends. *See People v. Sloan, supra.*

Furthermore, even though defendant here was confined to his residence between the hours of 10 p.m. and 6 a.m., he still enjoyed the freedom during those hours to do whatever he chose within his home. Finally, defendant did not suffer the same lack of privacy suffered by an offender on residential status in a community corrections facility or confined in a prison or jail. Rather, the limits placed on defendant's freedom are less onerous than those placed on a resident in a halfway house or a nonresident in a community corrections facility.

That defendant may have been subject to escape charges for violating his curfew is not determinative. A resident in a halfway house, or a nonresident in a community corrections facility, is also subject to similar charges. *See* § 18–8–208(2)–(3), C.R.S.2004 (a person commits a felony if, while being in custody or confinement following conviction of a felony, or being held for or charged with but not convicted of a felony, he or she knowingly escapes from said custody or confinement).

Thus, because defendant was not in confinement under § 18–1.3–405 while he was on bond and subject to electronic monitoring, the trial court properly denied his motions for 561 days of presentence confinement credit. Nor did the court err in denying the motions without appointing counsel or conducting a hearing. *See People v. Lopez,* 12 P.3d 869 (Colo.App.2000)(trial court may deny postconviction relief without a hearing and without appointing counsel if the record clearly establishes that defendant is not entitled to relief).

The orders are affirmed.

Judge CARPARELLI and Judge LOEB concur.