24CA1905 Peo in Interest of SK 05-08-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1905
Arapahoe County District Court No. 23JV243
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Appellee,

In the Interest of Sh. K. and Su. K., Children,

and Concerning C.B-F.,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 8, 2025

Ron Carl, County Attorney, Kiley Schaumleffel, Assistant County Attorney,
Aurora, Colorado, for Appellee

Josie Burt, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parents' Counsel, Denver, Colorado, for
Appellant

¶ 1    C.B-F. (mother) appeals the judgment allocating parental responsibilities for Sh.K. and Su.K. (the children) to J.K. (father). We reverse and remand the case to the juvenile court for further proceedings.

## I.    Background

¶ 2    The Arapahoe County Department of Humans Services filed a petition in dependency or neglect due to concerns about mother's substance use and mental health.  Temporary custody of the children was transferred to father.

¶ 3    Father subsequently moved for an allocation of parental responsibilities (APR).  Mother opposed the motion but consented to the juvenile court's jurisdiction to enter an APR.

¶ 4    After a contested hearing, the juvenile court adopted and entered a mostly unaltered version of father's proposed APR order. As now relevant, the court set forth a step-up parenting time plan for mother but gave father discretion to determine if or when mother may participate in that plan.

¶ 5    Mother appeals.

1

## II.     Discussion

### A.     Standard of Review and Applicable Law

¶ 6     An allocation of parental responsibilities is within the juvenile court's discretion, and we won't disturb it on review if the judgment is supported by evidence in the record.  *See People in Interest of A.M.K.*, 68 P.3d 563, 565 (Colo. App. 2003).  However, whether the court applied the correct legal standard in making its findings is a question of law that we review de novo.  *People in Interest of N.G.G.*, 2020 COA 6, ¶ 10.

¶ 7     When allocating parental responsibilities in a dependency or neglect proceeding, a juvenile court must consider the legislative purposes of the Children's Code.  *People in Interest of A.S.L.*, 2022 COA 146, ¶ 12.  The overriding purpose of the Children's Code is to protect a child's welfare and safety by providing procedures aimed at serving the child's best interests.  *People in Interest of J.G.*, 2021 COA 47, ¶ 19.  Thus, while the Children's Code doesn't prescribe any specific factors a court must consider in making an APR judgment in a dependency or neglect proceeding, a court must allocate parental responsibilities in accordance with the child's best interests.  *A.S.L.*, ¶ 12; *see also People in Interest of L.B.*, 254 P.3d

1203, 1208 (Colo. App. 2011). A court may consider the best interest factors found in the Uniform Dissolution of Marriage Act, § 14-10-124, C.R.S. 2024, but its primary focus must remain on the child's safety and protection rather than the parent's custodial interests. *People in Interest of H.K.W.*, 2017 COA 70, ¶ 13.

¶ 8      A juvenile court may not delegate decisions regarding the exercise of parenting time to one parent when the issue of parenting time is, as in this case, contested. *In re Marriage of Hatton*, 160 P.3d 326, 334 (Colo. App. 2007); *see also In re Marriage of Plummer*, 709 P.2d 1388, 1390 (Colo. App. 1985) (where the evidence shows a lack of cooperation between parents in facilitating parenting time, a general visitation order is an abuse of discretion); *People in Interest of B.C.*, 122 P.3d 1037, 1070-71 (Colo. App. 2005) (a court must make decisions about parenting time and may not delegate this function to others).

## B.      Analysis

¶ 9      Mother contends that the juvenile court erred by ordering that all of mother's parenting time is to occur at father's discretion. We agree, in part.

¶ 10    The juvenile court's APR judgment has two provisions giving father discretion over whether mother can have parenting time. The first allows father to deny visitation if he suspects that mother is under the influence of alcohol, marijuana, or any illegal substances. However, if parenting time is cancelled under this provision, mother may provide a urine test, and if the test comes back negative, father must pay for the test and mother "shall be allowed to make up the lost parenting time resulting from any erroneous allegations." This provision doesn't leave to father the decision about how or when parenting time occurs. Instead, the court has established a protocol to protect the children in the event of suspected substance use by mother, and that protocol creates a way for mother to regain parenting time that isn't subject to father's discretion. Thus, to the extent that mother argues that the court improperly delegated its decision-making authority by allowing father to withhold parenting time based on suspicion of mother's substance use, we aren't persuaded.

¶ 11    The second provision says that "[a]t the discretion of [father] and by agreement and subject to the availability of the parties, Mother shall be entitled to exercise supervised family time with the

4

Children."  This provision is followed by a parenting time schedule that provides a roadmap for mother to increase her parenting time, with fewer restrictions, if she meets certain benchmarks.  We agree with mother that the juvenile court erred by generally ordering her parenting time to be at father's discretion.  *See Hatton,* 160 P.3d at 334 (the trial court "erred in delegating to father discretion to determine whether mother could exercise any parenting time").

¶ 12     We reject the guardian ad litem's and the Department's argument that the APR doesn't grant father sole discretion over mother's ability to have parenting time because it includes a conditional step-up plan to expand her parenting time.  Though the APR judgment contains a detailed step-up parenting plan, we read the "discretion" provision to give father discretion whether to allow mother parenting time under that plan.

¶ 13     To the extent the APR judgment allows family time "by agreement and subject to the availability of the parties," such delegation to both parents is also improper.  Divisions of this court have addressed whether a juvenile court can delegate parenting time decisions to both parents.  *See In re Marriage of Tibbetts*, 2018 COA 117, ¶ 25; *see also Plummer*, 709 P.2d at 1390-91; *S.F.E. in*

5

*Interest of T.I.E.*, 981 P.2d 642, 646 (Colo. App. 1998). To that effect, a "general parenting time order that leaves the specific parameters of a parent's time to the parents to work out together might comply with the statue." *Tibbetts*, ¶ 25. But such a parenting order must be supported by evidence indicating "that the parents are willing and able to cooperate on parenting time." *Id.* "If the parents are not able to cooperate, such an order constitutes an abuse of discretion." *Id.*

¶ 14 Nothing in the record in this case shows that the parties are willing and able to cooperate on parenting time decisions. In fact, the record contains evidence to the contrary. The caseworker testified that the parents have "a very contentious relationship" and that she is concerned about their ability to co-parent. The caseworker also testified that a court order is the only way to ensure ongoing parenting time for mother.

¶ 15 Therefore, we conclude that the court erred by delegating to father the discretion to determine whether and when mother can exercise her parenting time. We reverse only the parenting time provision of the APR judgment giving father discretion generally and remand the case for the juvenile court to allocate parenting time

without delegating to father the right to determine if or when mother may exercise parenting time. On remand, the juvenile court may consider additional evidence based on the current circumstances of the parents and the children.

## III. Disposition

¶ 16　The judgment is reversed, and the case is remanded to the juvenile court for further proceedings consistent with this opinion.

JUDGE BROWN and JUDGE YUN concur.